75766. POWERS et al. v. JONES et al.
(366 SE2d 234)

BIRDSONG, Chief Judge.

This is a suit by Terry and Jean Powers against Wendell and Helen Jones, for damages incurred when water flooded the Powerses' condominium from the Joneses' condominium above. The plaintiff-appellants sought more than $20,200 in damages. The jury returned a verdict for $3,000, but the trial court granted to defendants a $10,000 set-off. The Powerses appeal, complaining of the set-off and also that the $3,000 verdict was grossly inadequate and biased, for the undisputed and uncontroverted evidence demanded a verdict of at least $9,000. *Held*:

1. The set-off evidently was granted on the basis suggested at length by the appellees: that the plaintiff-appellants received insurance proceeds of $10,000 for property damage from the condominium association's insurer under the association's blanket property damage

policy. That policy was paid for by the condominium association through dues paid by the condominium owners. All of the owners own the common elements, rights and obligations of the property. The cause of action for any damage belongs to the condominium association, not any particular owner. To allow the owners to collect this would subject the appellees (also owners) to a double recovery. Further, say the appellees, "[t]he damage that would be attributable to the ownership of the condominium association is so closely intertwined with the damage that is allegedly claimed to the area owned by the condominium association that the two cannot be separated. Likewise, to the extent that any of the damage was the result of acts attributable exclusively to the condominium association, the condominium association would be a joint tortfeasor and any amount paid by them would be credited to appellees. As the court noted in *Mitchell v. Gilson*, 233 Ga. 453 [(211 SE2d 744)], where the damage is such that it cannot be rationally apportioned, then the actors are considered joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages. In the instant action, either through the acts of the condominium association or through the unapportionable nature of the damages, the condominium association would be a joint tortfeasor, and any payment made by it must be credited to any amounts owed by appellees."

The appellants conclude: "It is clear that appellees would be entitled to a set-off or credit of those amounts and that that was properly awarded by the trial court."

As we view this verbiage, it is without merit. The insurance was paid for by the association, which is a corporation. See OCGA §§ 44-3-70 and 44-3-71 (2) et seq. It was not paid for by an individual owner but was a common expense made on behalf of the association. See OCGA § 44-3-71 (5). The insurance recovery of the plaintiffs-Powers for damages to their unit and their personal property (see § 44-3-96) was not based on the liability of another owner, but on the plaintiffs' own right to collect for property damage as an insured under the association's duty to restore the damaged property of that insured (see § 44-3-94). And the dues which the appellee-defendants paid to the association, if they funded the blanket property damages insurance, were paid by the appellees *for their own property damage* rights for their own condominium. They were not paid by the appellees for the property damage coverage of another owner's condominium and certainly not for their tort liability to another owner.

It is suggested by the appellees that the association is a joint tortfeasor whose payment might be credited to the other joint tortfeasors. But there is no indication the jury found the association a joint tortfeasor, and in any case the payment of the association's insurer was not a discharge of tort liability and did not dissolve or ab-

solve the tort liability of the tortfeasor defendants-appellees. The payment was the plaintiffs' entitlement under their own coverage for which they paid dues to the association, and under OCGA § 44-3-94. Likewise the liability of the defendant-appellees is not the liability of a condominium "unit" or owner insured under the policy, but is the liability of one person or individual to another for the tort. If the jury finds the person liable in tort, as this jury found these appellees, their liability is not diminished by property damage paid by the association on behalf of, and to, the plaintiff-member under its blanket policy. Under the collateral source rule, the tortfeasor-appellees cannot diminish the amount of their liability by pleading payments made to the plaintiff-appellants under the terms of a contract between the plaintiff and a third party (the association) who was not a joint tortfeasor. *Insurance Co. v. Fowler*, 148 Ga. App. 509, 511 (251 SE2d 594). Even the new collateral source rule, which goes so far as to make collateral source recoveries admissible generally does not authorize an automatic reduction or set-off. See OCGA § 51-12-1 (Ga. L. 1987, p. 915, § 3). The trial court erred in granting these defendants a set-off to their tort liability of an amount paid by the association's insurer for property damage.

2. The jury, having concluded the defendant appellees were liable in tort for damages, was not thus obliged to grant the appellants every item of damage claimed. Evidently, the jury found unjustified the entire claims of more than $20,500 for damages, repairs and outside lodging while the condominium was being repaired; or found that not all of these damages were attributable to the appellees. It is not correct to say the appellant's evidence of damages was "undisputed," (and therefore demanded a certain verdict; *Tallent v. McKelvey*, 105 Ga. App. 660, 662 (125 SE2d 65)) for it was subject to the test of credibility and reasonability whether disputed or not.

The appellants contend the jury verdict was obviously infected by the jury's knowledge of the $10,000 collateral source insurance payment. However, appellants fail to point out how the jury might have learned of the payment.

The judgment is reversed for the reasons given in Division 1, and the case remanded with the trial court directed to strike the set-off and reinstate the verdict of $3,000 damages.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 17, 1988.

*Charles L. Jurjevich*, for appellants.

*John E. Hall, Jr.,* for appellees.