## 76190. IMPERIALE v. POLLARD.
(370 SE2d 494)

CARLEY, Judge.

Plaintiff-appellee filed suit against appellant-defendant, seeking to recover damages for personal injuries and for property losses allegedly resulting from a traffic collision. During discovery, it was established that appellee had received compensation for his property damage from his own insurer and, in consideration thereof, had executed a subrogation receipt in favor of said insurer. As to the property damage claims, appellant filed a motion for partial summary judgment, on the ground that appellee had assigned his cause of action to his insurer under the terms of the loan receipt. The trial court denied appellant's motion for partial summary judgment but certified its order for immediate review. Appellant brings this appeal pursuant to our grant of his application for interlocutory appeal.

Appellant urges that the decisions in *Parker Plumbing &c. Co. v. Kurtz*, 225 Ga. 31 (165 SE2d 729) (1969) and in *Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976) mandate the grant of his motion for partial summary judgment. Appellee, on the other hand, urges that the present case is distinguishable from *Parker Plumbing &c. Co. v. Kurtz*, supra, and *Lindsey v. Samoluk*, supra. However, the wording of the subrogation receipt in the present case is identical to that which was held to constitute a complete assignment of the cause of action in *Parker Plumbing &c. Co. v. Kurtz*, supra. Compare *Webb v. State Auto. Mut. Ins. Co.*, 187 Ga. App. 425 (370 SE2d 492) (1988). Likewise, in *Lindsey v. Samoluk*, supra, our Supreme Court clearly held that the defendant was entitled to partial summary judgment based upon the existence of a subrogation agreement and of a set of facts which were essentially identical to those which exist in the present case. Accordingly, the two Supreme Court decisions cannot be distinguished and are controlling authority here. It follows that the trial court "erred in not applying the decision of [the Supreme C]ourt in *Parker Plumbing &c. Co. v. Kurtz*, supra, to the facts in the present case and erred in . . . denying [appellant's] motion for a partial summary judgment." *Lindsey v. Samoluk*, supra at 172. "The agreement which embodied more than a mere assignment of the cause of action was still an assignment of such cause of action, and the assignee must bring the action in its name. [Cit.] . . . [T]he undisputed proof showed that [appellee] no longer had any interest in the cause of action." *Parker Plumbing &c. v. Kurtz*, supra at 31.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 18, 1988.

*C. Alan Mullinax*, for appellant.
*William S. Sarandis*, for appellee.