A02A0120. CANBERG et al. v. CITY OF TOCCOA.
(567 SE2d 21)

PHIPPS, Judge.

Robert and Kay Canberg sued the City of Toccoa for failing to respond to a fire that completely destroyed their home.[1] The City sought summary judgment on the Canbergs' claims for negligent infliction of emotional distress, intentional infliction of emotional distress and loss of consortium. The trial court granted the City's motion and dismissed those claims. We agree that the City was entitled to summary judgment on the Canbergs' claim for negligent infliction of emotional distress and affirm that ruling. We find that the City was not entitled to summary judgment on the Canbergs' intentional infliction of emotional distress claim or on Robert Canberg's loss of consortium claim and reverse the trial court's rulings on those claims.

As of the date the Canbergs' house caught fire, it had been annexed into the municipal limits of the City of Toccoa for at least two years. The City of Toccoa was notified of the fire within minutes after it started. Due to an erroneous determination that the Canbergs' home was not within the city limits, the city fire department did not respond at all, despite repeated calls, until 25-30 min-

---

[1] See *Canberg v. City of Toccoa,* 245 Ga. App. 75 (535 SE2d 854) (2000) (prior appeal in which we reversed the trial court's dismissal of five counts of the complaint based on our determination that the Canbergs had substantially complied with the ante litem notice requirements of OCGA § 36-33-5 (b)).

utes after the fire was initially reported. In the interim, two volunteer fire departments responded to and began fighting the fire. When city firefighters did arrive, they refused to fight the fire because they did not believe that the Canbergs' home was within the city limits, even though it was their department's duty to know the city limits.

Robert Canberg attempted to convince the City's assistant fire chief to let the city firefighters help fight the fire. When Canberg realized why they were not helping, he pointed out that they had a city garbage can in their driveway. The assistant fire chief remained unmoved, responding that anyone could obtain a garbage can and recycling container and put them in the driveway to try to convince people that the house was inside the city limits.

The Canbergs testified that they watched in shock and horror as their home burned. Kay Canberg's eyes burned and watered from the smoke and heat of the fire. The smoke almost choked Robert Canberg and caused his eyes to water, sting and burn.

When ruling on a motion for summary judgment, a trial court should give the party opposing the motion the benefit of all reasonable doubt and construe the evidence most favorably toward that party.[2] When reviewing the grant of a motion for summary judgment, this court conducts a de novo review of the law and the evidence.[3]

1. The Canbergs claim that the trial court erred by granting summary judgment to the City on their claim for negligent infliction of emotional injury.

"In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury."[4] Georgia's current impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress.[5] The failure to satisfy all three elements has proven fatal to recovery.[6]

Although the Canbergs have alleged a physical impact (the smoke and fire from their home) and physical injuries caused by the smoke and fire, they do not claim that their physical injuries caused their mental suffering or emotional distress. Thus, they have failed to satisfy the third element of the impact rule. And their claims do

---

[2] *Bulloch South, Inc. v. Gosai*, 250 Ga. App. 170 (550 SE2d 750) (2001).

[3] Id.

[4] *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992).

[5] See *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583, 586 (533 SE2d 82) (2000).

[6] Id.

not fit clearly within a recognized exception to this element of the impact rule.[7]

A grant of summary judgment must be affirmed if it is right for any reason.[8] The trial court did not err in granting summary judgment to the City on the Canbergs' claim for negligent infliction of emotional injury.

2. The Canbergs claim that the trial court erred by granting summary judgment to the City on their claim for intentional infliction of emotional distress.

A plaintiff can recover for emotional distress without the necessity of a physical injury if the conduct was malicious, wilful or wanton and was directed toward the plaintiff.[9] The trial court granted summary judgment on this claim based on its determination that there was no evidence that the City directed any action or inaction toward the Canbergs. We cannot agree.

When city firefighters arrived at the Canbergs' home, refused to help fight the fire despite being presented with evidence that the house was within the city limits and essentially accused the Canbergs of attempting to defraud the City by taking a city garbage can and placing it in their driveway, those actions (and failures to act) were directed at the Canbergs.

Construing the evidence most strongly against the City as movants on motion for summary judgment, we conclude that a jury might reasonably consider the City's actions "sufficiently outrageous and egregious to support an award of damages for intentional infliction of emotional distress."[10] Thus, the trial court erred in granting summary judgment to the City on the Canbergs' claim for intentional infliction of emotional distress.[11]

3. The Canbergs contend that the trial court erred by granting summary judgment to the City on Robert Canberg's loss of consortium claim.

One spouse's claim for the loss of the other spouse's consortium derives from the right of the other spouse to recover for her injuries.[12] Because Kay Canberg's claim for intentional infliction of emotional

---

[7] See id. at 588 (when a parent and child sustain physical injuries through the negligence of another, and the child dies as the result of such negligence, the parent may attempt to recover for serious emotional distress from witnessing the child's suffering and death without regard to whether the emotional trauma arises out of the physical injury to the parent).

[8] *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (3) (446 SE2d 741) (1994).

[9] *Ryckeley*, supra at 828-829.

[10] *S & W Seafoods Co. v. Jacor Broadcasting &c.*, 194 Ga. App. 233, 236 (2) (390 SE2d 228) (1990).

[11] See id. at 237.

[12] *Supchak v. Pruitt*, 232 Ga. App. 680, 684 (4) (503 SE2d 581) (1998).

distress survives, Robert Canberg's loss of consortium claim also survives.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 24, 2002 —
RECONSIDERATION DENIED JUNE 19, 2002 — 

*Earle W. Angell, Alton M. Adams,* for appellants.

*McClure, Ramsay, Dickerson & Escoe, John A. Dickerson, Clifton, Sanders & Smith, Janney E. Sanders,* for appellee.