## A04A0675. DODD et al. v. CITY OF GAINESVILLE.

(601 SE2d 352)

BLACKBURN, Presiding Judge.

In this second appearance of an action regarding the overpayment of benefits to a retired police officer resulting from an undisputed clerical error,[1] Jack and Carol Dodd appeal the trial court's grant of summary judgment in favor of the City of Gainesville, contending that questions of fact remain regarding their claims against the City for breach of contract, negligence, and negligent infliction of emotional distress. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[2]

Viewed in this light, the record shows that Jack Dodd, who is also an attorney, contends that, prior to his retirement from the City's police force, he requested from the secretary of the retirement board, Joyce Shubert, an estimate of what his monthly retirement benefits would be under a payout scheme in which his wife would continue to receive his benefits if he predeceased her (joint and survivor benefits). Shubert determined that Jack Dodd would be entitled to $2,553.62 without the joint and survivor benefit option and $2,254.34 with the option.

---

[1] In *Dodd v. City of Gainesville*, 250 Ga. App. 722 (551 SE2d 62) (2001), we considered the trial court's rulings that: (1) the City could not be liable in negligence for miscalculating Dodd's retirement benefit amount since Dodd could have calculated the correct amount on his own using a formula provided in his employee handbook and (2) the City was not liable for breach of contract because Dodd was an at-will employee to whom the City owed no fiduciary duty. We reversed the trial court's findings and its grant of summary judgment, holding that: (1) a factfinder could determine that Dodd did not have an equal opportunity to determine the amount of the benefits he should receive and (2) the trial court erred in holding that an employer has no duty toward an at-will employee regarding the employee's vested retirement benefits, rather than considering the evidence of the particular case. We also ruled that we would not consider alternative grounds for summary judgment which had not been considered by the trial court. In *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002), the Supreme Court affirmed our decision not to consider the alternative grounds for summary judgment.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Jack Dodd testified that, following his request, Shubert called him and mistakenly told him that his monthly benefit payment would be $2,553.62, not $2,254.34 as it should have been. Although Shubert testified that she sent a worksheet to Jack Dodd through interoffice mail which contained an explanation of his benefits and the correct calculations, Dodd contended that, although he received the envelope, it contained only a July 11, 1995 letter to Shubert from the plan's actuary, not the benefits worksheet. Shubert indicated, however, both that she customarily sent such a worksheet to employees through interoffice mail and that she sent such worksheet to Jack Dodd in May 1995, before the letter from the actuary had been written. It is undisputed that Jack Dodd, despite being a lawyer, never followed up with Shubert at any time to obtain a written copy of her calculations for his review.

Later, when she was filling out an authorization form instructing the bank to begin Jack Dodd's retirement payments, Shubert mistakenly looked at the wrong side of her worksheet and instructed the bank to make payments in the amount of $2,553.62, not the smaller amount to which Jack Dodd was actually entitled. The resulting monthly overpayments to Dodd continued for approximately three years until, following an audit, the City discovered the error and informed Dodd that he would be receiving only $2,254.34 each month, which the Dodds admit is all that they are entitled to receive pursuant to the plain terms of the City's retirement plan.

After Jack Dodd unsuccessfully demanded that the City either reinstate him or continue to pay the greater benefits, the Dodds filed this suit against the City, contending that: (1) the City breached its contract to pay retirement benefits by way of Shubert's clerical error; (2) the City was negligent for the same reason and caused Jack Dodd to retire prematurely based on the erroneous information; and (3) Shubert's negligent mistake caused the Dodds emotional distress and mental anguish. Finding that these contentions lacked merit, the trial court granted summary judgment to the City, and the Dodds now appeal this decision.

1. The Dodds contend that the trial court erred by granting summary judgment to the City regarding their breach of contract claim. We disagree.

As we have previously determined, the contract at issue in this case is the contract of the City to pay retirement benefits to Jack Dodd. Pursuant to the explicit terms of that contract, it is undisputed by all parties that Jack Dodd was entitled to receive $2,254.34 per month under the joint and survivor benefit option. It is also undisputed that Shubert had no authority to change the terms of the retirement plan and that, from the moment payments began, Jack Dodd has received *at least* the amount to which he was entitled. The

record further shows that Shubert correctly calculated this amount prior to Jack Dodd's retirement, although Dodd contends that Shubert failed to inform him of any amount other than $2,553.62. Then, by accident, Shubert instructed the bank to pay Jack Dodd more than he was owed, and, for the next three years, the Dodds profited from the City's error.

Contrary to the Dodds' arguments, these facts do not support his claim that the City breached its contract to provide retirement benefits to him. Here, the City agreed to pay retirement benefits, and it did exactly that. In fact, the City paid *more* benefits than Jack Dodd was entitled to receive. Shubert's admitted clerical error did not, as the Dodds contend, completely change the terms of the explicit retirement contract between Jack Dodd and the City. See *Withers v. Register*[3] ("employees cannot seriously contend that they have a constitutionally vested right to early retirement benefits calculated using a mathematical formula that omitted, as a result of a typographical error, one salient factor").

And the Dodds' contention that the City breached a fiduciary duty relating to the contract to instruct Jack Dodd regarding the appropriate amount of his benefits prior to retirement does not change this result. Even if we assume that the City had such a fiduciary duty, the record shows that Shubert sent Jack Dodd a worksheet with the correct retirement amounts through interoffice mail. Although Jack Dodd now contends that he never received this worksheet, it is also uncontested that, despite his training as an attorney, he never once requested a written copy of Shubert's calculations. Although, as the Dodds vociferously contend, the City's employee handbook may have instructed Jack Dodd to look to Shubert for information on his retirement, it did not remove his own responsibility to exercise care and common sense in handling such information. Had Jack Dodd merely requested a written copy of his benefit calculations, as he should have, this error would have been caught immediately.

For all of these reasons, the trial court properly determined that the City should be granted summary judgment on the Dodds' breach of contract claim.

2. The Dodds contend that the trial court also erred by granting summary judgment to the City regarding their claim for negligence. In essence, the Dodds contend that they were damaged when Jack Dodd based his decision to retire on Shubert's oral statement that he would receive $2,553.62 each month, rather than upon a review of the

---

[3] *Withers v. Register*, 246 Ga. 158, 159 (1) (269 SE2d 431) (1980).

retirement plan and a written calculation of benefits, which contained the correct figure.

The Dodds' negligence claim, however, must fail as a matter of law for two reasons. First, the City has no authority to pay benefits greater than provided for in the retirement plan. To do so would be both inapposite to the law and to common sense. See, e.g., *Easa v. Florists' Transworld Delivery Assn.*[4] (retiree not allowed to receive damages based on clerical mistake regarding benefits payable under Employee Retirement Income Security Act).

Second, Jack Dodd's alleged "early retirement" does not constitute an injury, or establish damages resulting therefrom. See *Easa*, supra. The Dodds cannot show that they justifiably relied on the oral representation of the benefits estimate given to them by Shubert. As stated previously, Jack Dodd, a trained attorney, never asked Shubert for a copy or explanation of the calculations she performed to determine his benefits. While Jack Dodd may not have had equal access to the formulas for calculations as did Shubert, he nonetheless had the right, power, and obligation to ask Shubert for a written explanation and for a confirmation of the plan's benefits. He did not do so, and, as such, cannot show that he justifiably relied on what he contends was Shubert's sole oral communication to him prior to his retirement regarding the amount of his benefits. Id. Under Dodd's theory, every retiree would be free to deny having received the written notice of benefits and to contend that they had been orally advised of a higher benefit. Even if true, such facts do not authorize recovery in tort.

3. The Dodds contend that the trial court erred by granting summary judgment to the City regarding their claim for negligent infliction of emotional distress. In Georgia, however, the impact rule is applied to cases in which a party attempts to recover for mental anguish caused by the negligence of another party. Pursuant to this rule, a party must show that he suffered from a physical impact resulting in physical injury. See, e.g., *Canberg v. City of Toccoa.*[5] "On the other hand, where the [defendant's] conduct is malicious, wilful or wanton, recovery can be had without the necessity of an impact." *Ryckeley v. Callaway.*[6] In this case, the Dodds have shown neither a physical injury nor malicious, wilful, or wanton behavior by the City. As such, the trial court properly granted summary judgment to the City regarding the Dodds' claim for the negligent infliction of emotional distress.

---

[4] *Easa v. Florists' Transworld Delivery Assn.*, 5 FSupp.2d 522 (E.D. Mich. 1998).

[5] *Canberg v. City of Toccoa*, 255 Ga. App. 890, 891 (1) (567 SE2d 21) (2002).

[6] *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992).

4. Based on the foregoing, we need not reach the Dodds' remaining arguments.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 17, 2004 —
RECONSIDERATION DENIED JUNE 21, 2004.

*Jack E. Dodd*, pro se.
*Freeman, Mathis & Gary, Benton J. Mathis, Jr., Mary A. Ackourey*, for appellee.