A04A1768. WILSON et al. v. ALLEN.
(612 SE2d 39)

RUFFIN, Chief Judge.

This case arises from an automobile wreck in which a Ford Escort operated by Ricky Shane Wilson and owned by his father, Ricky T. Wilson, collided with a school bus driven by Brenda Waine Allen.

Allen sued the Wilsons for negligence, alleging that the "violence of the collision threw the weight of [her] body against her right arm and hand" and that as a result of the collision she suffered physical and mental distress and pain. The Wilsons filed a motion for summary judgment, which the trial court denied. We granted the Wilsons' application for interlocutory appeal, and for reasons that follow, we affirm in part and reverse in part.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party.[2] Viewed in this manner, the record shows that on April 28, 1997, Allen was driving a school bus loaded with 16 children. She stopped the bus just in front of a set of railroad tracks and heard "skidding" and "hitting" noises to her left. She put her right hand on the handle that controlled the bus door. A car hit the bus, and "all [she] saw in front of [her] was blue." Apparently, the car bounced off the front of the bus. Allen saw the car turn over and one of the occupants "rolling" down the road with a "trail of blood" behind him.

At the time of impact, Allen had her seatbelt fastened and her foot on the brakes. The bus did not move and Allen does not remember if her body moved at all. She had a bruise and broken fingernail on her right hand, but she does not know how these injuries happened. She assumes that they were the result of the impact. She had no other physical injuries. She was taken to the hospital and treated for shock and the injuries to her hand. She did not go into work the next day because she "wasn't mentally able to do it." In May, however, she resumed driving two times a day, five days a week.

1. The Wilsons argue that the trial court erred in denying their motion for summary judgment as to Allen's mental distress claim because it is barred by Georgia's impact rule. We agree. Under Georgia law,

> [i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury. Georgia's current impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical

---

[1] See *Villareal v. TGM Eagle's Pointe*, 249 Ga. App. 147 (547 SE2d 351) (2001).
[2] See id.

injury to the plaintiff causes the plaintiff's mental suffering or emotional distress. The failure to satisfy all three elements has proven fatal to recovery.[3]

Here, Allen has alleged a physical impact and a bruised hand and damaged fingernail as a result of the impact. However, she does not claim that these physical injuries caused her mental suffering or emotional distress. Thus, she has failed to satisfy all of the elements of the impact rule. Accordingly, the trial court erred in denying summary judgment to the Wilsons as to Allen's mental distress claim.[4]

2. The Wilsons also argue that the trial court erred in denying their motion for summary judgment as to Allen's claim for physical injuries. Specifically, they claim that the evidence of causation was purely speculative. We disagree. Under Georgia law,

[o]n the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.[5]

Although Allen testified that she does not know how her injuries occurred, the record indicates that she did not have these injuries before the wreck and that she was treated for them at the hospital immediately following the wreck. Based on Allen's testimony, we find that there is a reasonable basis to conclude that her physical injuries were more than likely the result of the impact. Accordingly, the trial court did not err in denying summary judgment to the Wilsons with respect to Allen's physical injury claims.[6]

---

[3] (Footnotes omitted.) *Canberg v. City of Toccoa*, 255 Ga. App. 890, 891 (1) (567 SE2d 21) (2002).

[4] See id. at 892 (1). See also *Lee v. State Farm Ins. Co.*, 272 Ga. 583 (533 SE2d 82) (2000). We note that the cases cited by Allen in support of her argument pre-date our Supreme Court's decision in *Lee*, which clearly sets forth the elements of a claim for negligent infliction of emotional distress.

[5] (Punctuation omitted.) *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999).

[6] See id.

*Judgment affirmed in part and reversed in part. Adams and Bernes, JJ., concur.*

DECIDED MARCH 14, 2005 —

*Gray, Rust, St. Amand, Moffett & Brieske, Edward A. Miller, Lindsey L. Mehan,* for appellants.
*Benny M. Martin,* for appellee.