## A06A1887. KURTZ et al. v. BROWN SHOE COMPANY.
### (637 SE2d 111)

JOHNSON, Presiding Judge.

Celeste and Gregory Kurtz sued Brown Shoe Company after an acrylic riser used to display small merchandise fell and hit one of Celeste Kurtz's toes. There is a factual dispute regarding whether Celeste Kurtz (hereinafter "Kurtz") knocked the riser off the cash register counter when she leaned on the counter or whether a salesperson knocked the riser off the cash register counter while handing Kurtz a box of shoes across the counter. In an amended complaint, Kurtz added a paragraph for punitive damages, claiming that the acrylic riser Brown Shoe Company produced for inspection was not the same riser which caused her injuries. According to Kurtz, the production of the wrong riser was "willful, wanton and malicious and intended to deny Plaintiffs' constitutional right to due process" and she was therefore entitled to punitive damages. In addition, Kurtz filed a second amended complaint seeking punitive damages for emotional distress and mental anguish allegedly experienced by Kurtz when the salesperson "placed the acrylic riser back in its original position on the counter without a warning" after it had fallen on Kurtz's toe. According to Kurtz, this action showed a conscious indifference to consequences for which punitive damages should be considered. The trial court granted Brown Shoe Company's motion for partial summary judgment on the punitive damages claims, and Kurtz appeals. We find no error and affirm the trial court's ruling.

1. First of all, the trial court correctly ruled that there is no statutory or common law basis for Kurtz to bring a punitive damages claim based on an alleged discovery dispute wholly unrelated to her injuries. "There is no provision for punitive damages arising because of conduct occurring during the litigation. The aggravating circumstance must relate to the tort being sued on."[1] The trial court properly granted Brown Shoe Company's motion for partial summary judgment regarding Kurtz's claim for punitive damages based on the alleged dispute concerning the riser produced during discovery.

We also find that the trial court properly granted Brown Shoe Company's motion for partial summary judgment regarding Kurtz's claim for punitive damages as alleged in Kurtz's second amended complaint. Punitive damages may only be awarded in tort actions where it is proven by clear and convincing evidence that the defendant's actions showed wilful misconduct, wantonness, oppression, or

---

[1] *C & S Nat. Bank v. Bougas*, 245 Ga. 412, 413-414 (265 SE2d 562) (1980).

that entire want of care raising the presumption of conscious indifference to consequences.[2] It is well established that negligence, even gross negligence, is insufficient to support a claim for punitive damages.[3] And, Kurtz admitted in her trial brief that her second amended complaint was based on whether Brown Shoe Company's conduct was "grossly negligent."

Moreover, Kurtz's brief cites no evidence in the record demonstrating the type of conduct needed to support a claim for punitive damages against Brown Shoe Company, and our review of the record reveals none. The record is devoid of any evidence that the conduct of Brown Shoe Company in placing the riser on the counter was wilful, malicious, or designed to cause injury to others. The record is further devoid of any evidence that Kurtz or any other person was injured when the acrylic riser was placed back on the counter. Kurtz's allegations of punitive damages completely lack any factual or legal support, and the trial court's grant of partial summary judgment to Brown Shoe Company must be affirmed.

2. Brown Shoe Company requested that this Court impose a penalty for frivolous appeal against Celeste and Gregory Kurtz, as provided in Court of Appeals Rule 15 (b). Such a penalty may be imposed in cases where the appellants could have no reasonable basis to anticipate that this Court would reverse the trial court's judgment.[4] Because the law is indisputably clear regarding the issues raised on appeal, and because Celeste and Gregory Kurtz could have no reasonable basis upon which to anticipate that this Court would reverse the trial court's judgment, Brown Shoe Company's motion for frivolous appeal penalties is hereby granted. We assess a penalty against Celeste and Gregory Kurtz in the amount of $1,000 for filing a frivolous appeal.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 28, 2006.

*Lecora Bowen*, for appellants.
*Gray, Rust, St. Amand, Moffett & Brieske, James T. Brieske*, for appellee.

---

[2] OCGA § 51-12-5.1 (b).
[3] See *Hubbard v. Dept. of Transp.*, 256 Ga. App. 342, 349 (2) (d) (568 SE2d 559) (2002).
[4] See *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (4) (464 SE2d 219) (1995).