## A06A0898. HOEFLICK v. BRADLEY.
(637 SE2d 832)

JOHNSON, Presiding Judge.

Nancy Hoeflick, her sons, and her boyfriend, Timmy Collins, were traveling to Florida in Hoeflick's car when the car struck a cow in the highway. Collins suffered an injury to his knee, and Hoeflick's car was damaged. Collins was the named insured in an insurance

---

[4] *Brown v. Carlisle*, 214 Ga. App. 483, 484 (448 SE2d 256) (1994).

policy covering Hoeflick's car. Claiming Robert Bradley was negligent in allowing his cow to wander onto the highway, Hoeflick sued Bradley.[1] She sought damages of $4,131 for damage to her vehicle, $816 for a rental vehicle, and $4,500 for a "ruined vacation."

Bradley moved for summary judgment, arguing Hoeflick suffered no financial damage in connection with the repairs to her car because Collins' insurer paid for the repairs, and Hoeflick did not incur any loss for the vacation inasmuch as Collins paid for the trip and the group still went on the vacation as planned. Hoeflick countered, among other things, that the collateral source rule precluded consideration of the fact that an insurance company paid all but $500 of the repair costs. Bradley responded, in part, that the insurance policy was relevant because Collins executed a subrogation agreement and assigned his cause of action to his insurer. Therefore, Bradley urged, Collins and Hoeflick were not entitled to pursue their own action. Without stating its reasons for doing so, the trial court granted Bradley's motion for summary judgment. Hoeflick appeals.

1. Hoeflick contends the trial court erred by granting summary judgment to Bradley on her property damage claim based on evidence that repair costs were covered by insurance.[2] We agree that Bradley was not entitled to summary judgment on this claim.

The collateral source rule bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments.[3] This is because a tortfeasor is not allowed to benefit by its wrongful conduct or to mitigate its liability by collateral sources provided by others.[4] The collateral source rule applies to payments made by various sources, including insurance companies, beneficent bosses, or helpful relatives.[5] Accordingly, the fact that Collins' insurer paid most of the repair costs was not relevant to the issue of whether Bradley was responsible for compensating Hoeflick for damage to her car.

Bradley also argues that this action is barred based on the existence of a subrogation agreement.[6] The argument, however, is not supported by the record.

---

[1] The complaint was brought by Hoeflick and Collins, and named additional defendants. Collins has not appealed the trial court's judgment, and only Hoeflick's action against Bradley is at issue in this appeal. Whether Hoeflick owns the car is not in dispute in this action.

[2] Hoeflick does not argue on appeal that the trial court erred in granting summary judgment to Bradley on her claim for car rental costs.

[3] *Olariu v. Marrero*, 248 Ga. App. 824, 825 (1) (549 SE2d 121) (2001).

[4] Id.

[5] *Bennett v. Haley*, 132 Ga. App. 512, 522 (16) (208 SE2d 302) (1974).

[6] See *Imperiale v. Pollard*, 187 Ga. App. 427 (370 SE2d 494) (1988) (defendant entitled to

In his appellate brief, Bradley cites seven pages of the record as supporting his position that any rights the plaintiffs had against him were assigned to the insurance company. The cited pages include a document titled "SUBROGATION DEMAND," which was apparently faxed from First Financial Asset Management, Inc. to a company listed as "One Beacon," and One Beacon's insured, Robert Bradley. That document states that Bradley has asked First Financial to file proof of loss documents for payment of the claim, and that First Financial is the legal assignee/subrogee of Metropolitan Life and its insured, Tim Collins. The next document is a ledger page showing "losses paid," dollar amounts, and the name "COLLINS, TI." The next document is an unsigned letter purportedly from the subrogation department at Metropolitan Life to Micky Channell, who allegedly requested a contractor to perform weed control work on Bradley's property.[7] That letter lists Collins as Metropolitan Life's insured and requests payment for car repairs and car rental costs for damages Metropolitan Life allegedly paid to Collins. The final document is a letter from a claims adjuster at Metropolitan Life to Metropolitan Life's attorney, asking the attorney to pursue its rights of subrogation in the matter. It may be that Collins' insurance policy contained a provision by which he transferred his rights to recover damages from another to his insurance provider.[8] Even if we assume there was such a provision in Collins' policy, Bradley has not shown by the record that Hoeflick signed a subrogation agreement or that a subrogation provision contained in Collins' policy would apply to Hoeflick and preclude *her* from pursuing a cause of action.[9]

---

partial summary judgment where undisputed proof showed plaintiff assigned property damage cause of action to his insurer).

[7] Specifically, the letter charges that Channell (who owned a billboard on Bradley's property) hired a weed control service to spray weeds on the property, that the chemicals used caused a tree to die and fall upon the fence, and that the damage to the fence resulted in the cow escaping and wandering onto the highway. We note that another letter from Metropolitan Life alleges that the weed control chemicals weakened the fence posts, which condition permitted the cow to escape.

[8] Collins has not appealed from the grant of summary judgment against him, and we will not speculate in this appeal as to Collins' rights and responsibilities under the policy or possible issues related to the ownership of the car.

[9] See, e.g., *Imperiale*, supra, 187 Ga. App. at 427 (a signed subrogation receipt was undisputed proof that plaintiff no longer had an interest in the cause of action); *Kurtz v. Parker Plumbing &c.*, 118 Ga. App. 130, 131 (1) (162 SE2d 755) (1968) (examination of language in subrogation agreement and whether it amounts to assignment of all rights, claims and interests in a cause of action), rev'd, *Parker Plumbing &c. v. Kurtz*, 225 Ga. 31 (165 SE2d 729) (1969); *U. S. Fidelity &c. Co. v. J. I. Case Co.*, 209 Ga. App. 61, 62 (1) (432 SE2d 654) (1993) (policy providing for subrogation and assignment not made part of appellate record, but proof of subrogation/assignment adequate where trial transcript revealed policy contained provision stating that insured who received payment from insurer transfers rights to recover damages from another to the insurer, and where insured admitted having received payment from insurer and having transferred his claim to insurer).

Therefore, Bradley was not entitled to summary judgment based on the fact that the repairs to Hoeflick's vehicle were paid for by an insurance company. The trial court's grant of summary judgment in favor of Bradley for damage to her car must be reversed. A jury must decide whether Bradley is liable to Hoeflick for damage to her car and, if he is liable, the amount of those damages.[10]

2. Hoeflick contends the trial court erred in granting summary judgment to Bradley on her claim to recover damages for a "ruined vacation." She argues the vacation was less enjoyable because of Collins' pain and immobility.

Hoeflick has not cited any authority for this cause of action other than OCGA § 51-12-3 (b), which provides for the recovery of consequential damages when such are the necessary and connected effect of a tortious act. Assuming, without deciding, that a cause of action exists for a ruined vacation, Hoeflick has not shown that she suffered any damage in this regard. The evidence shows that Collins paid for the vacation, and that the group still went to the destination as planned. Although Hoeflick claims the vacation was less enjoyable because of Collins' knee injury, damages for mental distress are generally not recoverable in the absence of physical injury where the claim is premised on ordinary negligence.[11] There being no physical injury to Hoeflick or proof of intentional misconduct, the trial court did not err in granting summary judgment to Bradley on the ruined vacation claim.

*Judgment affirmed in part and reversed in part, and case remanded. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 30, 2006.

*Christian G. Henry*, for appellant.

*Seacrest, Karesh, Tate & Bicknese, Gary L. Seacrest, Jeffrey P. Raasch, Annarita M. Busbee, Jennifer E. Parrott*, for appellee.

---

[10] See *Budget Rent-a-Car of Atlanta v. Webb*, 220 Ga. App. 278, 280 (2) (469 SE2d 712) (1996).

[11] See *David C. Joel, Attorney at Law, P.C. v. Chastain*, 254 Ga. App. 592, 596 (1) (562 SE2d 746) (2002) (absent physical injury in ordinary negligence claim, mental distress damages recoverable where claim is based on intentional misconduct); *Broadfoot v. Aaron Rents, Inc.*, 200 Ga. App. 755, 756-757 (2) (409 SE2d 870) (1991).