A09A0574. WARDLAW et al. v. IVEY et al.
A09A0575. IVEY MANAGEMENT CORPORATION et al.
v. WARDLAW et al.
A09A0576. IVEY v. WARDLAW et al.
(676 SE2d 858)

JOHNSON, Presiding Judge.

Andrew Wardlaw and his landscaping company, ACW Lawn & Landscape Management, Inc. (collectively "Wardlaw"), sued Greg Ivey, Ivey Management Corporation, and Wayne Baxter (collectively "the defendants") for personal injuries and property damage after a tree cut by Baxter fell on Wardlaw's truck. The defendants moved for summary judgment, which the trial court granted in part and denied in part.

In Case No. A09A0574, Wardlaw appeals the partial grant of summary judgment to the defendants. The defendants cross-appeal in Case Nos. A09A0575 and A09A0576, challenging the partial denial of their summary judgment motion. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as

a matter of law.[1] We review the grant or denial of summary judgment de novo, construing all evidence and reasonable inferences in favor of the nonmoving party.[2]

So viewed, the record shows that Ivey owns Ivey Management Corporation, a building and land management company. In November 2005, Ivey asked Baxter, a company employee, to cut down a dead tree in front of his residence on Cold Harbor Drive in Roswell. Baxter had eight years of experience in tree removal and managed various developments and office parks for the company.

Ivey checked the weather forecast on the day of the tree removal and believed the weather would be calm. Baxter also testified that winds were calm as he began the project. Based on the weather conditions, the lean of the tree, its size, and shape, Baxter determined how to cut the tree. Although the tree was located just 20 feet from Cold Harbor Drive, Baxter believed that he could cut it safely without endangering anyone on the road.

Using a large chainsaw and an anchor rope, Baxter and two assistants began to cut the tree, intending to make it fall away from Cold Harbor Drive into Ivey's yard. Baxter had made several cuts in the tree when he noticed gusty winds in the area. As he continued cutting, the tree twisted with the wind and fell toward the road.

At that time, Wardlaw was driving his company-owned pickup truck down Cold Harbor Drive. As he passed the Ivey residence, the tree fell on his truck, crushing part of the cab and totaling the vehicle. Wardlaw managed to avoid serious injury, but he sustained muscle soreness and minor scratches.

Wardlaw sued the defendants for, among other things, personal injuries, emotional distress, and destruction of the truck. He also sought punitive damages based on their recklessness in "attempting to cut and remove the subject tree in a manner that so clearly endangered unsuspecting members of the community and innocent motorists." The defendants moved for summary judgment on Wardlaw's claims for punitive damages, emotional distress, and property damage.[3] The trial court granted the motion with respect to the punitive damage and emotional distress claims, but denied it as to Wardlaw's claim for the damaged truck.[4]

---

[1] *Wilson v. Allen*, 272 Ga. App. 172, 173 (612 SE2d 39) (2005).

[2] Id.

[3] The defendants did not request summary judgment on Wardlaw's claim for other personal injuries.

[4] The trial court also granted the defendants summary judgment on Wardlaw's claim for money spent financing and repairing the vehicle he purchased to replace the damaged truck. Wardlaw, however, has not enumerated that ruling as error.

242

## Case No. A09A0574

In this appeal, Wardlaw challenges the trial court's summary judgment ruling on his punitive damage and emotional distress claims. We find no error.

1. "Punitive damages may only be awarded in tort actions where it is proven by clear and convincing evidence that the defendant's actions showed wilful misconduct, wantonness, oppression, or that entire want of care raising the presumption of conscious indifference to consequences."[5] Neither negligence nor gross negligence alone can support a punitive damages claim.[6] As we have explained, "something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage."[7]

Asserting that issues of material fact remain as to punitive damages, Wardlaw points to evidence that Baxter did not use proper methods or techniques in removing the tree, particularly given the windy conditions that day. He argues that Baxter's improper techniques revealed wantonness or a conscious disregard for the safety of others.

We disagree. Under Georgia law, "wanton conduct is that which is so reckless or so charged with indifference to the consequences as to be the equivalent in spirit to actual intent."[8] Conscious indifference to consequences involves "an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights."[9]

Nothing in the record demonstrates the required recklessness or indifference here. On the contrary, Baxter considered various factors as he prepared to take down the tree, including the weather and the tree's size, location, and shape. Based on his eight years of experience removing trees, he believed that he could cut the tree so that it would fall away from the road. He also used an anchor rope to control its descent. Given these circumstances, no rational trier of fact could find by clear and convincing evidence that Baxter was indifferent to the consequences or disregarded the rights of others.

Wardlaw further argues that the defendants "flaunted" a local ordinance by failing to obtain a city permit before removing the tree

---

[5] (Citation omitted.) *Kurtz v. Brown Shoe Co.*, 281 Ga. App. 706, 706-707 (1) (637 SE2d 111) (2006). See also OCGA § 51-12-5.1 (b).

[6] *Kurtz*, supra at 707 (1).

[7] (Citation and punctuation omitted.) *Kodadek v. Lieberman*, 247 Ga. App. 606, 610 (2) (545 SE2d 25) (2001).

[8] (Citation and punctuation omitted.) *Muller v. English*, 221 Ga. App. 672, 676 (2) (c) (472 SE2d 448) (1996).

[9] (Punctuation omitted.) *Tecumseh Products Co. v. Rigdon*, 250 Ga. App. 739, 743 (2) (552 SE2d 910) (2001).

and violated traffic laws by blocking Cold Harbor Drive with the fallen tree. In his view, these violations create an issue of fact as to whether the defendants acted wantonly or with conscious indifference.

The tree ordinance Wardlaw cites, however, is specifically intended "to promote the preservation of trees." Wardlaw has not shown — or argued — that it has any relevance to safety or proper tree removal. And he has pointed to no evidence that the alleged ordinance violation proximately caused or had any connection to his damages. We fail to see how this violation — or the fact that the tree blocked the road after it hit Wardlaw's truck — demonstrates wanton or consciously indifferent conduct.[10]

Wardlaw's evidence undoubtedly raises questions of fact as to negligence. But he did not present the type of proof necessary to create a jury issue on punitive damages.[11] The trial court, therefore, properly granted the defendants summary judgment on this claim.

2. Wardlaw also challenges the trial court's emotional distress ruling, advancing two theories on appeal. First, he asserts that the physical injuries he suffered when the tree fell bring his claim within Georgia's impact rule. Second, he argues that the defendants' wilful and wanton behavior authorizes recovery for emotional distress. Neither theory has merit.

Under Georgia's impact rule, a claimant seeking damages for emotional distress must demonstrate that: (1) he suffered a physical impact; (2) the impact caused him physical injury; and (3) the injury caused his mental suffering or emotional distress.[12] Failure to satisfy any one element is fatal to recovery.[13] In this case, Wardlaw cannot meet the third requirement.

The evidence shows that Wardlaw sustained minor physical injuries when the tree fell on his truck, and he subsequently experienced mental stress. Nothing in his testimony, however, connected his stress to the physical injuries. Instead, Wardlaw asserted that the stress resulted because his business stagnated. And he attributed his business problems not to his physical injuries, but to issues with replacing his truck and his preoccupation with the thought that he could have been killed by the tree. Under these

---

[10] See *Doctoroff v. Perez*, 273 Ga. App. 560, 561-562 (615 SE2d 623) (2005); *Brooks v. Gray*, 262 Ga. App. 232, 234 (2) (585 SE2d 188) (2003). Compare *Langlois v. Wolford*, 246 Ga. App. 209, 210-211 (1) (539 SE2d 565) (2000) (defendant's conduct in illegally leaving the scene of an accident and driving under the influence of alcohol demonstrated wantonness and conscious disregard for the safety of others).

[11] See *Kurtz*, supra at 707 (1); *Kodadek*, supra.

[12] *Wilson*, supra at 173-174 (1).

[13] Id. at 174 (1).

circumstances, he cannot bring his emotional distress claim within the impact rule.[14]

Alternatively, Wardlaw argues that he can recover for emotional distress based on the defendants' wilful and wanton conduct.[15] As discussed in Division 1, however, Wardlaw offered no evidence that the defendants acted wilfully, wantonly, or with conscious indifference to consequences. The trial court, therefore, properly granted summary judgment on this claim.

### Case Nos. A09A0575 and A09A0576

In these appeals, the defendants challenge the denial of their motion for summary judgment on Wardlaw's claim for damage to his truck. The record shows that following the incident, Wardlaw's insurance company totaled the truck and paid him the value. The defendants now argue that, given this insurance recovery, Wardlaw cannot seek further damage for the loss of his truck. They also argue that the insurance payment conclusively establishes the truck's value.

We disagree. The collateral source rule bars a tortfeasor from offering evidence that a claimant has received payment from a third party — such as an insurer — for damage caused by the tortfeasor's conduct.[16] "This is because a tortfeasor is not allowed to benefit by its wrongful conduct or to mitigate its liability by collateral sources provided by others."[17] Generally, therefore, a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct, even if the claimant has been reimbursed by his insurer.[18]

An exception arises when the claimant assigns his cause of action to the insurer, at which point any suit must be brought in the insurer's name.[19] But the defendants have not pointed to evidence of an assignment in this case. And although they argue vigorously that Wardlaw should not benefit from a double recovery, the insurance

---

[14] See id. (although claimant suffered minor injuries in car accident, she offered no evidence that the injuries caused her mental distress and thus did not meet the impact rule requirements); *Canberg v. City of Toccoa*, 255 Ga. App. 890, 891-892 (1) (567 SE2d 21) (2002) (summary judgment on emotional distress claim appropriate where claimants failed to connect mental suffering to physical injuries).

[15] See *Canberg*, supra at 892 (2).

[16] *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (1) (637 SE2d 832) (2006).

[17] (Citation omitted.) Id.

[18] Id.

[19] See *Imperiale v. Pollard*, 187 Ga. App. 427 (370 SE2d 494) (1988); see also *Carter v. Banks*, 254 Ga. 550, 552, n. 2, 553-554 (3) (330 SE2d 866) (1985) (in case involving prior version of OCGA § 33-34-1 et seq., Supreme Court determined that claimant's insurer, rather than claimant, had right to sue tortfeasor where insurer compensated claimant for her damages and insurance policy provided that, after paying claim, insurer would "have the [claimant's] right to sue for or otherwise recover such loss").

payment was not made on their behalf.[20] Accordingly, a verdict for Wardlaw would not result in a "double recovery" from the defendants.[21]

Simply put, the defendants cannot reduce their liability based on payments made by Wardlaw's insurer.[22] They also cannot establish the value of the truck through these payments.[23] To hold otherwise would directly violate the collateral source rule and allow the defendants to take credit for sums tendered by a third party.[24] A jury must decide whether the defendants are liable for the damage to Wardlaw's truck and, if so, in what amount.[25] The trial court, therefore, properly denied the defendants' motion for summary judgment on the property damage claim.[26]

*Judgments affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 31, 2009.

*Parker & Lundy, Charles E. Morris, Jr.,* for Wardlaw.
*Hawkins & Parnell, Peter R. York, Leslie K. Brock,* for Ivey.
*Claxton & Claxton, William P. Claxton, Darcy S. DuVal,* for Ivey Management Corporation.

---

[20] Compare *Candler Hosp. v. Dent*, 228 Ga. App. 421, 423 (491 SE2d 868) (1997) (to avoid double recovery, "plaintiff can recover from the jury all special damages provable, but cannot receive in judgment again what has already been paid by the defendant or on the defendant's behalf by an insurer").

[21] See *Dees v. Logan*, 282 Ga. 815, 817 (653 SE2d 735) (2007) (no impermissible double recovery where payment by collateral source did not result in double payment by defendant).

[22] See *Powers v. Jones*, 185 Ga. App. 859, 861 (1) (366 SE2d 234) (1988).

[23] See *Hoeflick*, supra at 126 (1).

[24] See id. at 124 (1). See also *Amalgamated Transit Union &c. v. Roberts*, 263 Ga. 405, 407 (1) (434 SE2d 450) (1993) ("[I]f there must be a windfall, it is usually considered more just that the injured person should profit, rather than let the wrongdoer be relieved of full responsibility for his wrongdoing.") (citation and punctuation omitted).

[25] See *Hoeflick*, supra at 126 (1).

[26] See id.