**SECOND DIVISION**
**MARKLE, J.,**
**LAND and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**March 5, 2025**

# In the Court of Appeals of Georgia

A24A1181. E. P. PROPERTIES, INC. v. WRIGHT.

DAVIS, Judge.

E. P. Properties, Inc. ("EP Properties"), the plaintiff in this tort action, seeks review of two of the trial court's partial summary judgment rulings relating to the issue of damages. EP Properties argues that (1) the trial court erred by concluding that the amount of damages would be offset by the amount of money EP Properties received from its own insurer for the property damage it sustained from Henry Wright's vehicle; and (2) the trial court erred by denying its motion for summary judgment on the amount of damages. We agree that the trial court erred by offsetting

the amount of damages, but we affirm the trial court's denial of summary judgment on damages.[1]

> Summary adjudication is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Mims v. Exclusive Assn. Mgmt., Inc.*, 372 Ga. App. 777 (906 SE2d 799) (2024).

So viewed, the record shows that on February 10, 2019, Wright was parking his vehicle at a commercial property in Valdosta, Georgia, when he accidentally hit the gas pedal instead of the brake pedal, causing the car to surge forward and strike the pillar of a building owned by EP Properties, damaging the pillar as well as shrubbery and a fence around the building. EP Properties filed the instant action, seeking

---

[1] Pursuant to the rules of this Court, we have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. See Court of Appeals Rule 33.3. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving language in *Andrews v. Ford Motor Co.*, 310 Ga. App. 449, 451 (1) (713 SE2d 474) (2011).

compensation for the damage to its property caused by the crash. EP Properties alleged that the property was valued approximately $16,440.38 less following the crash, and it attached to its complaint a detailed valuation of the property showing the damages.

EP Properties filed a motion for summary judgment, arguing that there was no genuine issue of material fact as to Wright's negligence and the amount of damages. EP Properties attached to its motion an affidavit from an appraiser who had assessed the amount of damages to the building as $16,602.57. In response, Wright submitted an alternative appraisal showing that the damage was only $8,758.17 as well as a determination from EP Properties' insurer that the amount of loss was $15,708.54. Wright also filed a cross-motion for partial summary judgment, arguing that EP Properties had received $14,708.54 in payments from its own insurance to cover the damage to its property, and so any amount of damages awarded should be offset by that amount. The trial court granted EP Properties' motion for summary judgment on the issue of liability, but it denied the motion on the issue of damages, concluding that a jury question existed because there were material facts and evidence in dispute.

The trial court also granted Wright's motion and concluded that any amount of damages awarded by the jury would be offset by $14,708.54. This appeal followed.[2]

1. EP Properties first argues that the trial court erred by granting summary judgment to Wright on the issue of whether the amount of damages would be offset by the amount of money EP Properties received from its insurer. We agree.

> The collateral source rule bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments. This is because a tortfeasor is not allowed to benefit by its wrongful conduct or to mitigate its liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources, including insurance companies, beneficent bosses, or helpful relatives.

---

[2] Wright's motion to dismiss this appeal for lack of jurisdiction is DENIED. Because EP Properties appeals from the trial court's partial grant of summary judgment to Wright, we have jurisdiction over this appeal under OCGA § 9-11-56 (h), which provides that "[a]n order granting summary judgment on any issue or as to any party shall be subject to review by appeal." See *Davis v. Deutsche Bank Nat. Trust Co.*, 285 Ga. 22, 23 (673 SE2d 221) (2009) ("Ordinarily, the grant of a partial summary judgment may be directly appealed."). Additionally, we may address EP Properties' challenge to the denial of its motion for summary judgment because "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." (Citation omitted.) Id.; see OCGA § 5-6-34 (d).

(Citations omitted.) *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (1) (637 SE2d 832) (2006). "Simply put, [defendants] cannot reduce their liability based on payments made by [a plaintiff's] insurer." *Wardlaw v. Ivey*, 297 Ga. App. 240, 245 (676 SE2d 858) (2009).

Here, the payments made by EP Properties' own insurer were not made by Wright or on Wright's behalf, and so the collateral source rule applies to bar their use to offset any damages awarded against Wright. See *Mims*, supra, 372 Ga. App. at 780-783 (2) (amount plaintiff received from its own insurer did not warrant an offset from the final judgment against defendants); *Wardlaw*, supra, 297 Ga. App. at 244-245 (same); see also *Hoeflick*, supra, 282 Ga. App. at 124-125 (1) (collateral source rule applied to bar consideration of payments made by the plaintiff's own insurer).

In concluding otherwise, the trial court relied on our decision in *Andrews v. Ford Motor Co.*, 310 Ga. App. 449, 451 (1) (713 SE2d 474) (2011). In *Andrews*, this Court concluded that, although the collateral source rule applied to bar the admission of evidence of a plaintiff's recovery from its own insurer, the rule "does *not* provide that a plaintiff is entitled to *collect* from both his or her insurer and from the defendant tortfeasor for the same item of damages[,]" concluding that such a rule would result

5

in an impermissible double recovery. (Emphasis in original.) Id. This Court therefore affirmed the trial court's order that the amount that the plaintiff could collect from the defendant would be reduced by the amount that the plaintiff had already received from its insurer. Id. *Andrews*' holding, however, misstates the collateral source rule. As the Supreme Court of Georgia has explained, the collateral source rule has *both* a substantive component and an evidentiary component: "[o]ne is . . . that damages are not reduced by the amount of collateral benefits plaintiff receives. The other consequence is . . . [b]ecause of the substantive consequence of the rule, evidence of collateral benefits is not generally material." *Polito v. Holland*, 258 Ga. 54, 56 (3) (365 SE2d 273) (1988). We further note that, to the extent that *Andrews* was concerned about the possibility of a double recovery, we have rejected that argument both before and after *Andrews* was decided.[3] See *Wardlaw*, supra, 297 Ga. App. at 244-245

---

[3] To support its double recovery argument, *Andrews* cited the Supreme Court of Georgia's decision in *Carter v. Banks*, 254 Ga. 550 (330 SE2d 866) (1985). *Carter* involved an insurance company's right of subrogation to recover from the tortfeasor once it had paid money to the insured; it does not stand for the principle that the amount of damages or liability owed to the plaintiff by the defendant can be offset because of payments by collateral sources. Id. at 552-553 (1). We further note that the parties have not pointed us to any evidence in the record that EP Properties assigned its cause of action to its insurer or that its insurer is in any way involved in this case. Cf. *Wardlaw*, supra, 297 Ga. App. at 244 ("An exception [to the collateral source rule] arises when the claimant assigns his cause of action to the insurer, at which point any

(rejecting the argument that the plaintiff would receive a double recovery so long as the payments from the collateral source were not made by the defendant or on the defendant's behalf); see also *Mims*, supra, 372 Ga. App. at 782-783 (2) (relying on *Wardlaw* to reject argument that a double recovery would result).

*Andrews'* holding is in conflict with many cases from the Supreme Court of Georgia interpreting and applying the collateral source rule to prevent offsets due to payments from a collateral source.[4] See, e.g., *Amalgamated Transit Union Local 1324 v. Roberts*, 263 Ga. 405, 406-408 (1) (434 SE2d 450) (1993); *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), overruled on other grounds by *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992); *City of Rome v. Rhodes*, 134 Ga. 650 (68 SE 330) (1910); *Western & Atlantic R. v. Meigs*, 74 Ga. 857 (1885). *Andrews* is also in conflict with many prior cases[5] from this Court applying the collateral source

---

suit must be brought in the insurer's name.").

[4] See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

[5] "The older decisions of the Court of Appeals are binding on panels of that court until reversed or overruled by the Supreme Court or overruled by the Court of Appeals, and the Court of Appeals must adhere to the authority of those cases which it thinks state the correct principle of law. Anything to the contrary which may have been ruled by panels of the Court of Appeals in more recent decisions must yield to

rule to prevent defendants from offsetting their liability to account for payments made to the plaintiff by third parties such as insurance companies. See, e.g., *Wardlaw*, supra, 297 Ga. App. at 244-245; *Candler Hosp., Inc. v. Dent*, 228 Ga. App. 421, 421-422 (491 SE2d 868) (1997); *Cincinnati, New Orleans & Texas Pacific R. Co. v. Hilley*, 121 Ga. App. 196, 201-202 (2) (a) & n.2 (173 SE2d 242) (1970) (collecting cases). We are therefore compelled to disapprove *Andrews* to the extent it holds that defendants may offset their liability for payments made to the plaintiff from collateral sources other than the defendant or made on the defendant's behalf.

Accordingly, we reverse the trial court's grant of summary judgment on the issue of whether the verdict will be offset by the amount EP Properties obtained from its insurer.

2. EP Properties also argues that the trial court erred by denying summary judgment as to the amount of damages. It argues that it presented undisputed evidence as to the amount of damage it suffered to its property, thereby rendering the damages liquidated rather than unliquidated and ripe for summary adjudication. This

the older authorities from that court." (Citation and punctuation omitted.) *White v. State*, 305 Ga. 111, 121 (3) (823 SE2d 794) (2019). We further note that our research has indicated that neither this Court nor the Supreme Court has ever cited *Andrews* for its application of the collateral source rule.

claim is belied by the record because Wright did submit evidence in the form of an alternate appraisal and the appraisal award from EP Properties' insurer, both of which showed different loss amounts. Because the amount of damages is clearly in dispute, the trial court did not err in concluding that the conflict presented a jury issue. *Wilkinson Homes, Inc. v. Stewart Title Guar. Co.*, 271 Ga. App. 577, 582-583 (4) (610 SE2d 187) (2005).

We therefore affirm the trial court's denial of EP Properties' motion for summary judgment on damages, but we reverse the trial court's grant of summary judgment to Wright on the offset issue.

*Judgment affirmed in part and reversed in part. Markle and Land, JJ., concur.*