A00A2405. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY v. LAM et al.
(546 SE2d 283)

SMITH, Presiding Judge.

This appeal requires us to apply the principles set forth by the Supreme Court of Georgia in *OB-GYN Assoc. v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989) (*Littleton II*), and reaffirmed in *OB-GYN Assoc. v. Littleton*, 261 Ga. 664 (410 SE2d 121) (1991) (*Littleton IV*),

---

regarding the recoverability of damages for mental injury or emotional distress under the so-called "impact rule."[1] Applying those principles to the facts of this case, we conclude that a possibility of recovery exists under the claim presented by Lam, and the trial court therefore did not err in denying Nationwide's motion for summary judgment.

The record shows that Mai Bach Lam and her husband were involved in an automobile collision between their vehicle and that of Retha Rene Eller. They sought recovery from Nationwide, their uninsured motorist carrier, on the ground that Eller was an underinsured motorist. Lam's husband sustained physical injuries, and he settled with Nationwide. He is a party to this appeal only as a claimant for damages for loss of consortium. Although Lam suffered no physical injuries as a result of the collision, Lam testified on her deposition that the collision aggravated a preexisting mental illness.

Lam testified that she suffered from psychological or psychiatric problems before the collision, had received treatment from a psychiatrist for many years, and was hospitalized for psychiatric problems in 1986 after she drove a car into a tree. She has taken many different medications over the years. In 1987, she was diagnosed as having a bipolar disorder with psychotic features, but her condition was very stable from that time until the collision that is the subject of this suit. She was involved in a vehicular collision in 1992, but did not suffer any injuries, either physical or psychological.

About three days after the collision at issue in this case, Lam visited her psychiatrist, complaining of anxiety caused by the wreck. She believes this anxiety was caused by witnessing the other car coming head-on toward her and her husband. Her psychiatric problems became worse; at one point after the collision she threw furniture at her daughter and broke a chair. Sixteen days after the wreck, Lam was hospitalized for approximately ten days. While hospitalized, she reported auditory hallucinations. As a result of her illness and hospitalization after the wreck, Lam incurred medical expenses totaling over $12,000. When she was discharged, she was on medications that made her "druggy" all the time. As of the date of her deposition, she was taking lithium, in addition to medication for hypertension, and her condition was again stable.

In the trial court, Nationwide moved for summary judgment on the ground that Lam suffered no physical injury and therefore, under the law in Georgia, she could not recover. Nationwide argued that

---

[1] We note that the holdings in *Littleton II* and *Littleton IV* have been partially overruled by our Supreme Court in *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583 (533 SE2d 82) (2000). The changes do not directly affect our decision here, however, and they are discussed in Division 2 of this opinion.

because Lam's husband's recovery for loss of consortium depended upon Lam's right of recovery, he could not recover either. The trial court denied Nationwide's motion but granted Nationwide a certificate of immediate review. We granted Nationwide's application for interlocutory review, and this appeal ensued.

1. Nationwide contends that Lam may not recover because she admitted she suffered no physical injury and she therefore is prevented from recovering under Georgia's "impact rule." The Georgia rule has a long history. It was first stated by our Supreme Court in *Chapman v. Western Union Telegraph Co.*, 88 Ga. 763 (15 SE 901) (1892). A long succession of cases has explained, clarified, distinguished, and limited the rule to exclude recovery when a plaintiff sought recovery for emotional distress from the negligence of a defendant but did not suffer either physical injury or monetary loss.[2] The rule was further significantly shaped in the *Littleton* cases, a series of cases involving a parent's suit for emotional distress caused by the negligent delivery and subsequent alleged wrongful death of her newborn child. In *Littleton II*, the Supreme Court clarified the rule regarding the relationship between impact and a claim for damages for emotional distress. Under that rule, for a claim of emotional distress or mental pain and suffering to succeed, a plaintiff must have sustained actual bodily contact with the defendant or an instrumentality of the defendant. Id. at 665-667 (2) (A). In addition, the mental pain and suffering must be accompanied by actual physical injury to allow recovery. Id. at 666 (2) (A).

In *Lee*, a mother and her child were injured in the same vehicular collision, and the child later died. The mother's claim for negligent infliction of emotional distress was not the result of her own injuries, but was based upon her having witnessed the injury and death of her child. The Supreme Court relaxed the rigidity of the impact rule, partially overruling the *Littleton* cases, by its holding extending the right to pursue a claim for negligent infliction of emotional distress to the mother under these circumstances. Nationwide is correct that Lam may not recover under this rule, as it is clear that she suffered no physical injury.

2. But under *Littleton II*, recovery for emotional distress is not limited to those causes of action possible under the impact rule. In Division 2 (A) of *Littleton II*, the Supreme Court clearly held that damages for emotional distress attendant upon personal injury are recoverable only when an impact exists that results in physical injury. In Division 2 (B), however, the court held that a plaintiff *may* recover damages for emotional distress based upon an injury to prop-

---

[2] For a discussion of this history, see *Lee*, supra at 584-585.

erty that results in pecuniary loss if injury to the person is also present, even if that injury is not physical. Strictly speaking, this latter principle is not part of an "impact rule," because a trespass that causes a pecuniary loss does not necessarily involve an "impact."

In *Littleton II*, the Supreme Court cited *Kuhr Bros., Inc. v. Spahos*, 89 Ga. App. 885 (81 SE2d 491) (1954), overruled on other grounds, *Whiten v. Orr Constr. Co.*, 109 Ga. App. 267, 270 (136 SE2d 136) (1964).[3] *Littleton II*, supra at 666-667. In *Kuhr Bros.*, this court held that

> [i]n cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, *or a pecuniary loss resulting from an injury to the person which is not physical*; such an injury to a person's reputation, or the mental pain and suffering must cause a physical injury to the person.

(Emphasis supplied.) *Kuhr Bros.*, supra at 890. It is apparent, therefore, that recovery of damages for emotional distress is possible notwithstanding the plaintiff's failure to satisfy the premier requirement of the impact rule — physical injury.

In *Barrow v. Ga. Lightweight Aggregate Co.*, 103 Ga. App. 704 (120 SE2d 636) (1961), this court held that a plaintiff could claim damages for mental suffering caused by dynamite explosions on the plaintiff's property, because a trespass upon real property can impose liability upon the tortfeasor when it causes damage "to property and person, including mental and physical injury of the owner and his family." Id. at 709 (1). The Supreme Court discussed *Barrow* in *Littleton II*, holding that insofar as *Barrow*

> stands for the proposition that mental injury flowing from a trespass is compensable, we approve it. However, to the extent that it may stand for the proposition that a plaintiff who has suffered a trespass may recover for emotional distress, we disapprove this case. We reiterate the rule that for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person *even though this injury may not be physical*. An injury to the reputation would be such an injury.

(Emphasis supplied.) *Littleton II*, supra at 667 (2) (B).

---

[3] *Whiten* has itself been overruled on other grounds in *Holmes v. Worthey*, 159 Ga. App. 262, 271 (282 SE2d 919) (1981).

It is therefore apparent that a plaintiff may, indeed, recover damages for emotional distress flowing from a defendant's negligence, notwithstanding the absence of physical injury. But these damages are recoverable only if the plaintiff has suffered a pecuniary loss and has suffered an injury to the person, albeit not physical.

Applying these principles to the facts of this case, we find that Lam suffered a pecuniary loss. She was hospitalized and incurred substantial medical bills. Personal property was damaged in the collision. And although she suffered no *physical* injury, she did suffer an injury to her person, consisting of aggravation of her preexisting mental illness, which before the collision had been stable for years.

The example given in *Littleton II* and *Kuhr Bros.* of an injury to the person that is not physical is an injury to reputation. We see no reason, however, to limit the injury to the person permitting recovery of damages for emotional distress based upon a pecuniary loss to injuries to reputation. A mental injury, or the aggravation of a preexisting mental illness, is clearly an injury to the person. Lam's mental injury can be well documented and proved, eliminating many of the policy reasons traditionally given both for the impact rule and for denying recovery for emotional distress unless a physical injury to the person exists. See *Lee,* supra at 587. No fear need exist that a flood of litigation or fraudulent claims will result, and the causal connection between aggravation of an existing mental illness and a traumatic event such as the collision here is at least as susceptible of expert medical proof as many physical soft tissue injuries.[4]

We therefore hold that because Lam sustained a pecuniary loss resulting from a trespass[5] and a mental injury to the person, she may pursue her claim for damages notwithstanding the lack of physical injury. The trial court correctly denied Nationwide's motion for summary judgment.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 19, 2001 — 

*Larry E. Stewart*, for appellant.
*Brownstein & Nguyen, Jay D. Brownstein*, for appellees.

---

[4] Our holding is also consistent with the more liberal approach that appears to be required of us by the Supreme Court's holding in *Lee,* supra.

[5] "Trespass" is defined as "[a]n unlawful interference with one's person, property, or rights." Black's Law Dictionary (6th ed. 1990), p. 1502.