## A01A1963. HOLBROOK et al. v. STANSELL et al.
### (562 SE2d 731)

MILLER, Judge.

Doris Holbrook and her grandson appeal from the trial court's grant of partial summary judgment to defendants Roger and Evelyn Stansell on Holbrook's claim for negligent infliction of emotional distress and on her and her grandson's claims for attorney fees. Since Holbrook and her grandson have failed to create any genuine issue of material fact with respect to these claims, we discern no error and affirm.

Viewed in the light most favorable to plaintiffs, the evidence reveals that Holbrook's grandson owned a thoroughbred horse. While the horse was giving birth, Holbrook saw a dog standing behind the horse that she suspected was attacking the newborn foal. Although Holbrook never saw the dog actually bite or attack the foal, she ran toward the pasture where the alleged attack was taking place and injured herself when she climbed over a gate. Holbrook's husband managed to chase the dog away without Holbrook being touched by the dog. Holbrook saw the injuries to the newborn foal and eventually had the foal put to sleep.

Holbrook and her grandson sued the Stansells, suspecting that it was their dog that attacked the foal. Holbrook sued for, among other things, negligent infliction of emotional distress for having witnessed the attack on the foal. They both sued for attorney fees pursuant to OCGA § 13-6-11 and as alleged "consequential damages" under OCGA § 4-8-4.

The Stansells successfully moved for summary judgment on Holbrook's negligent infliction of emotional distress and on all attorney fees claims. Holbrook filed an additional affidavit in opposition to the Stansells' motion for summary judgment after the trial court had already issued its order granting summary judgment to the Stansells. Holbrook and her grandson contend that genuine issues of material fact exist regarding Holbrook's claim for emotional distress based on witnessing the attack on the foal and that issues of fact remain regarding their claims for attorney fees. We disagree.

When reviewing the grant or denial of summary judgment, we conduct a de novo review of the law and the evidence, construing the evidence and all reasonable deductions therefrom in favor of the non-movant. *Strozzo v. Coffee Bluff Marina Property*, 250 Ga. App. 212,

213 (1) (550 SE2d 122) (2001). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

1. There is no independent tort in Georgia for negligent infliction of emotional distress. See *Lee v. State Farm &c. Ins. Co.*, 272 Ga. 583, 588 (III) (533 SE2d 82) (2000). Generally, "[i]n a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." (Citation omitted.) *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992); but see *Nationwide &c. Ins. Co. v. Lam*, 248 Ga. App. 134 (546 SE2d 283) (2001) (allowing recovery for emotional distress absent physical injury where trespass to personal property resulted in pecuniary loss and plaintiff suffered mental injury). The impact rule has three elements: (1) physical impact to the plaintiff; (2) the impact causes physical injury to the plaintiff; and (3) the physical injury causes the plaintiff's mental suffering or emotional distress. *Lee*, supra, 272 Ga. at 586 (I).

As it is undisputed that Holbrook was not touched or injured by the dog in any way during the alleged attack on the foal, she cannot satisfy any of the elements of the impact rule and therefore cannot recover for any of her emotional distress from viewing the attack. Holbrook was merely a witness to the attack, and the physical injuries that she suffered when climbing over the gate to get to the pasture bore no relation to the emotional distress that she claims to have endured from witnessing the attack. Moreover, there was no evidence before the trial court showing injury to Holbrook's personal property resulting in any pecuniary loss connected to Holbrook's mental injury. Holbrook's grandson owned the foal, not Holbrook. Indeed, Holbrook cannot recover for emotional distress from merely witnessing damage to another person's property. The trial court properly granted summary judgment to the Stansells on this claim.

2. The trial court also properly granted the Stansells summary judgment on Holbrook's and her grandson's claims for attorney fees pursuant to OCGA §§ 13-6-11 and 4-8-4 (a). Holbrook and her grandson argue that under OCGA § 13-6-11, they are entitled to attorney fees because the Stansells acted in bad faith by denying liability in this case and being stubbornly litigious. However, bad faith under OCGA § 13-6-11 relates to the transaction giving rise to the cause of action, not the manner in which the case is defended. *Candler v. Wickes Lumber Co.*, 195 Ga. App. 239, 242-243 (1) (b) (393 SE2d 99) (1990). There is also a bona fide controversy as to whether the Stansells' dog actually attacked the foal, further precluding an award of attorney fees under OCGA § 13-6-11. See id. at 242. As for their claim for attorney fees as "consequential damages" pursuant to OCGA § 4-8-4 (a), such a claim is without merit because the statute

itself does not expressly authorize such an award. See *Johnson v. G. A. B. Business Svcs.*, 170 Ga. App. 686 (1) (318 SE2d 78) (1984) ("The general rule is that fees for services rendered by an attorney must be paid by the person who employs him, and are not recoverable by a litigant against the opposite party except in those cases which are *specifically* provided for by contract or by statute.") (citation and punctuation omitted; emphasis supplied). The trial court properly granted summary judgment to the Stansells on these claims.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED MARCH 6, 2002 —
RECONSIDERATION DENIED MARCH 28, 2002 — ▮▮▮▮▮▮▮

*Alton M. Adams*, for appellants.
*Blasingame, Burch, Garrard, Bryant & Ashley, M. Steven Heath, Josh B. Wages*, for appellees.