### A08A0421. GRIZZLE v. NORSWORTHY.
(664 SE2d 296)

PHIPPS, Judge.

James R. Grizzle appeals the summary judgment against him on his claim of negligent infliction of emotional distress. The ruling was based upon the trial court's determination that Grizzle had failed to make requisite showings under the impact rule and the pecuniary loss rule. The record shows that the trial court erred with respect to the impact rule. Thus, although the record shows no error with respect to the pecuniary loss rule, we must reverse the grant of summary judgment.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or

denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

On November 28, 2003, Grizzle was working as the conductor of a train as it was approaching a track crossing and with its whistle blowing and its horn sounding. Grizzle saw an automobile approaching the upcoming crossing. The automobile slowed, but did not stop. When it proceeded onto the track, the train hit it. The train came to rest, and Grizzle ran to the wrecked automobile to provide assistance to its occupants. Grizzle was unable to obtain any response from the driver, the sole occupant. Grizzle stayed with the driver until emergency personnel arrived about five minutes later. The driver died at the scene as a result of the collision.

In this lawsuit against the administratrix of the driver's estate, Tara Norsworthy, Grizzle alleged that the negligent operation of the automobile at the railroad crossing had caused him physical injury and mental anguish. He claimed that he had incurred medical expenses, as well as lost wages due to having been rendered disabled by the incident.

1. Grizzle argues that the trial court erroneously found that he had failed to make a requisite showing under the impact rule. Generally, recovery for emotional distress upon a claim concerning negligent conduct requires the plaintiff to satisfy the three elements of the impact rule: "(1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress."[2]

(a) Norsworthy's summary judgment motion concerned the second of these elements. She cited Grizzle's deposition testimony that the collision had caused his elbow and knee to strike the front console of the locomotive car, but that he had neither observed any physical injury nor sought medical treatment to his elbow or knee. When asked whether he had received "medical treatment for any physical ailment out of [the train collision] incident," Grizzle responded, "No physical ailment."

Opposing Norsworthy's motion, Grizzle filed his own affidavit and the affidavits of those who had rendered him medical care. Grizzle averred that, although he did not seek medical attention the

---

[1] *CSX Transp. v. Deen*, 269 Ga. App. 641 (605 SE2d 50) (2004) (punctuation and footnotes omitted).

[2] *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583, 586 (I) (533 SE2d 82) (2000); see *Holbrook v. Stansell*, 254 Ga. App. 553, 554 (1) (562 SE2d 731) (2002).

day of the accident, he was seen by his family doctor on December 8, 2003. He complained about increased irritable bowel syndrome, depression, anxiety, and experiencing flashbacks of images from the collision. A physician's assistant for Grizzle's doctor averred that during the December 8 clinical visit, Grizzle described the train accident and was noted to have suffered worsening shoulder and back pain, as well as post-traumatic stress disorder. She further recounted that later that month, Grizzle was seen for depression, anxiety, as well as "multiple orthopedic injuries and chronic pain." Grizzle's doctor averred that he had been treating Grizzle since June 2000 for various mental and physical conditions, including a shoulder injury; that on December 8, 2003, he determined that Grizzle's shoulder injury was worsening; and that it was his opinion that to a reasonable degree of medical certainty, the train/car accident that occurred in November 2003 had aggravated Grizzle's preexisting physical and mental conditions.

The trial court expressly noted the doctor's and the physician's assistant's affidavits, but cited Grizzle's deposition testimony in concluding that it was "not persuaded by the plaintiff's arguments that he has suffered physical injuries and mental anguish." Grizzle argues on appeal that the grant of summary judgment to Norsworthy was impermissibly based upon the trial court's resolution of a factual issue. We agree with Grizzle that, notwithstanding his deposition testimony, the affidavits created an issue of fact whether the physical impact he sustained during the collision caused him physical injury. Under *Prophecy Corp. v. Charles Rossignol, Inc.*,[3] where the favorable portion of a party's self-contradictory testimony is the only evidence on a dispositive issue in the case, the opposing party is entitled to summary judgment in the absence of an adequate explanation. But that rule does not operate here to exclude the affidavit testimony outlined above.[4]

(b) We do not reach the issue of whether Grizzle presented evidence of the third element of the impact rule because that ground was not advanced below.[5]

---

[3] 256 Ga. 27 (343 SE2d 680) (1986).

[4] See *Thompson v. Ezor*, 272 Ga. 849, 852 (2) (536 SE2d 749) (2000) (the rule that "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him, when passing upon a motion for summary judgment," does not apply to contradictory statements by witnesses who are not parties to the litigation) (punctuation and footnote omitted).

[5] See *DBL, Inc. v. Carson*, 284 Ga. App. 898, 906-907 (6) (645 SE2d 56) (2007) (where argument was not made below, it will not be considered on appeal for the first time, as an appellate court is for the correction of errors committed by the trial court); see generally *City of Gainesville v. Dodd*, 275 Ga. 834, 838-839 (573 SE2d 369) (2002).

2. Grizzle contends that the trial court erred in finding that he had failed to make a requisite showing under the pecuniary loss rule, under which "a plaintiff may recover damages for emotional distress based upon an injury to property that results in pecuniary loss if injury to the person is also present, even if that injury is not physical."[6]

Norsworthy's summary judgment motion argued that Grizzle had failed to show the requisite injury to property because he had shown no personal interest in the train, automobile, or any other property wrecked in the accident. The trial court found that Grizzle had neither suffered nor alleged property damage.

There is no merit to Grizzle's argument on appeal that his lost income and medical expenses constituted "injury to property" for purposes of the pecuniary loss rule.[7] His reliance upon *Nationwide Mut. Fire Ins. Co. v. Lam*[8] is misplaced. In *Lam*, the plaintiff sought to recover for emotional distress that she claimed stemmed from a collision in which her and her husband's automobile was wrecked.[9] In addition to presenting medical bills as evidence of her pecuniary loss, the *Lam* plaintiff pointed to her wrecked vehicle as evidence that her "[p]ersonal property was damaged in the collision."[10] Our holding that she could pursue her claim for emotional distress was thus based in part upon the plaintiff's showing that she had sustained a pecuniary loss resulting from a trespass, which we recognized as "an unlawful interference with one's person, property, or rights."[11]

Because Grizzle failed to show that his personal property was damaged in the collision, the trial court correctly determined that he could not recover based upon the pecuniary loss rule.[12]

*Judgment reversed. Barnes, C. J., and Johnson, P. J., concur.*

---

[6] *Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga. App. 134, 136-137 (2) (546 SE2d 283) (2001) (emphasis omitted).

[7] See *Shores v. Modern Transp. Svcs.*, 262 Ga. App. 293, 294-295 (1) (585 SE2d 664) (2003); *Holbrook*, supra (negligent intentional infliction of emotional distress claim failed, among other reasons, for lack of evidence of an injury to plaintiff's personal property that resulted in a pecuniary loss connected to plaintiff's mental injury); *Owens v. Gateway Mgmt. Co.*, 227 Ga. App. 815, 816 (490 SE2d 501) (1997) (finding pecuniary loss rule inapplicable where the only pecuniary loss complained of was that due to medical bills and lost time from work).

[8] Supra at 136.

[9] Id. at 134-135.

[10] Id. at 138 (2).

[11] Id. at 138 (2), n. 5 (citation and punctuation omitted).

[12] See *Holbrook*, supra.

DECIDED JUNE 26, 2008.

*A. Thomas Stubbs*, for appellant.
*Martin Snow, Cubbedge Snow III, Marty K. Senn*, for appellee.