*371 McFadden, Judge,
concurring fully and specially.
I agree with most of what the majority has written. I disagree only with the language at Division 2, notes 5 and 6, which undertakes to disapprove prior case law. That undertaking is not necessary to our decision, and that language is therefore dicta. The ruling on appeal is the trial court’s determination that McDade may pursue a claim for emotional distress under the pecuniary loss rule. That ruling was correct and should be affirmed.
Damages for negligent infliction of emotional distress are usually not recoverable. But the impact rule and the pecuniary loss rule authorize recovery for such damages. “A claim for emotional distress damages caused by negligence must be supported by evidence that the plaintiff suffered an impact resulting in physical injury or pecuniary loss resulting from an injury to the person.” Travis Pruitt & Assocs., P.C. v. Hooper, 277 Ga. App. 1, 5 (625 SE2d 445) (2005).
The impact rule, generally speaking, authorizes recovery for emotional distress in negligence actions where the emotional distress is caused by a physical injury. “The current Georgia impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff’s mental suffering or emotional distress.” Bruscato v. O'Brien, 307 Ga. App. 452, 456-457 (1) (705 SE2d 275) (2010) (citations and punctuation omitted).
The pecuniary loss rule allows recovery for emotional distress in a negligence action even though there may be an injury to the person that is not physical.
In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, or a pecuniary loss resulting from an injury to the person which is not physical. . . . We reiterate the rule that for a pecuniary loss to support a claim for damages for emotional distress, the pecuniary loss must occur as a result of a tort involving an injury to the person even though this injury may not be physical. An injury to the reputation would be such an injury.
OB-GYN Assoc. of Albany v. Littleton, 259 Ga. 663, 666-667 (2) (B) (386 SE2d 146) (1989), disapproved in part on other grounds, Lee v. State Farm Mut. Ins. Co., 272 Ga. 583, 588 (III) n. 8 (533 SE2d 82) (2000) (citation omitted; emphasis in original).
*372 In Nationwide Mut. Fire Ins. Co. v. Lam, 248 Ga. App. 134 (546 SE2d 283) (2001), we applied the pecuniary loss rule to allow emotional distress damages in an automobile collision case where there was no physical injury. In that case, although the plaintiff Lam was not physically injured, after the wreck she had anxiety from having witnessed the oncoming vehicle, and there was evidence that the collision aggravated her pre-existing mental illness. Id. at 135. While Lam could not recover under the impact rule since there was no physical injury, we held that she could recover under the pecuniary loss rule. Id. at 136 (1), 138 (2). As this court explained, the nonphysical injury requirement under the pecuniary loss rule is not limited to the example of damage to reputation as set forth in the Littleton case. Rather, such a nonphysical injury would also include a mental injury since “[a] mental injury, or the aggravation of a preexisting mental illness, is clearly an injury to the person.” Id. at 138 (2). So despite the absence of a physical injury, Lam “did suffer an injury to her person, consisting of aggravation of her preexisting mental illness, which before the collision had been stable for years.” Id. Thus, we concluded that she could pursue her claim for emotional distress damages based on her mental injury and pecuniary loss, and that the “trial court correctly denied [the defense] motion for summary judgment.” Id. Compare Owens v. Gateway Mgmt. Co., 227 Ga. App. 815, 816 (490 SE2d 501) (1997) (finding pecuniary loss rule inapplicable for lost time from work and medical bills following incident giving rise to claim of negligent failure to maintain security at apartment complex).
Likewise, in the instant case, in addition to the damage to his vehicle and his own physical injuries, there is evidence that after the collision McDade has suffered mental injuries, including major depression, and that he is under psychiatric care for such injuries. Accordingly, he may pursue his claim for emotional distress damages arising from his mental injuries. See Lam, supra at 138 (2) (plaintiff suffering nonphysical injury to the person may recover damages for emotional distress flowing from defendant’s negligence). The trial court therefore did not err in denying partial summary judgment based on the pecuniary loss rule. See generally Lee, supra at 588 (III) (reversing summary judgment to defendants by holding that parent could seek to recover for emotional distress from witnessing death of child from automobile collision “without regard to whether the emotional trauma arises out of the physical injury to the parent”).
Contrary to the dissent’s claims, affirming the trial court’s ruling does not “eviscerate[ ] the impact rule, permit[ ] litigants to routinely obtain damages for emotional distress without physical injury, [or] impermissibly suppl[y] a remedy where none existed before.” *373 Rather, such an affirmance simply applies controlling authority from both this court and the Supreme Court of Georgia, allowing for emotional distress damages under the well-established pecuniary loss rule in limited circumstances like those found in this case.
As recounted above, our Supreme Court has established that under the pecuniary loss rule, a claim for emotional distress damages will lie where the loss occurred as a result of “an injury to the person even though this injury may not be physical.” OB-GYN Assoc., supra at 667 (2) (citation omitted). Lam, supra, correctly applied this rule to allow for emotional distress damages where the nonphysical injury to the person was a mental illness. In all material respects, Lam is factually identical to, and mandates the holding in, the instant case. Indeed, the dissent, by resorting to the argument that we should overrule Lam, which the Supreme Court previously declined to review on certiorari, implicitly recognizes that Lam is directly on point and constitutes controlling authority.
Likewise, in the factually similar case oí Lee, the Supreme Court held that when
a parent and child sustain a direct physical impact and physical injuries through the negligence of another, and the child dies as the result of such negligence, the parent may attempt to recover for serious emotional distress from witnessing the child’s suffering and death without regard to whether the emotional trauma arises out of the physical injury to the parent. This is in accord with the precepts of the impact approach and appropriately restricts recovery to those directly affected by the defendant’s negligent act or omission.
Lee, supra at 588 (III).
In reaching this decision, the Supreme Court recounted the history and policy behind the impact rule, and concluded that despite the traditional impact rule, there is no meritorious reason to refuse to extend recovery for emotional distress in an appropriate and compelling situation such as the one in that case. Lee, supra. While Lee did not discuss the pecuniary loss rule and involved a parent and child, rather than close friends, it is otherwise similar to this case and its holding is instructive. There is evidence in this case showing that both McDade and Wood sustained a direct physical impact and physical injuries through the negligence of another, and that Wood died as a result of such negligence. Thus, as in Lee, and contrary to the claims of the dissent, this is the sort of compelling situation in which allowing McDade to recover for serious emotional distress from *374 witnessing his close friend’s suffering and death without regard to whether the emotional trauma arises out of a physical injury is appropriate since it restricts recovery to one who was directly affected by the negligent act or omission. Accordingly, because there exist genuine issues of material fact as to whether McDade is entitled to emotional distress damages under the pecuniary loss rule, the trial court correctly denied the defense motion for partial summary judgment.