**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 30, 2025

# In the Court of Appeals of Georgia

A25A0077. DOE v. JONES et al.

GOBEIL, Judge.

Appellees Perry ("Perry") and Annie Jones brought the underlying suit after a vehicle, driven by Joshua Green, collided with their home. Green claimed that an unidentified motorist rear-ended his vehicle, causing him to leave the road and crash into the home.[1] Appellant John Doe appeals from the trial court's denial of his motion for partial summary judgment, arguing that the court erred by concluding that Perry could pursue a claim for emotional distress despite not suffering a physical injury in the crash. For the reasons explained more fully below, we reverse.

---

[1] The Joneses also served the complaint on Progressive Bayside Insurance Company ("Progressive"), their uninsured motorist carrier. Progressive later elected to proceed in the name of defendant "John Doe."

We review de novo a trial court's ruling on a motion for summary judgment, construing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Moore-Davis Motors, Inc. v. Joyner*, 252 Ga. App. 617, 617-618 (556 SE2d 137) (2001).

The following facts are largely undisputed. In 2017, Green drove a Dodge Durango sport utility vehicle through the Joneses' front yard and crashed into their house. The vehicle penetrated into the residence, damaging the home and personal property inside. Green claims that an unknown vehicle rear-ended him, caused him to lose control of the Dodge, then fled the scene. Although the Joneses were home at the time of the crash, they were not in the affected rooms and were not physically injured.

The Joneses brought a negligence action against Green and Gwendolyn Jackson Green (who owned the Dodge), as well as John Doe, the unknown driver who purportedly rear-ended Green.[2] The complaint alleged that Perry suffered emotional distress "[a]s a result of the collision of [the] Dodge Durango to his house, as a result of the intrusion of [the] car into his house, and [as] a result of thereby sustaining the

_____

[2] The Joneses later filed an amended complaint, and all further references in this opinion to "the complaint" refer to the amended complaint.

damage to his personal property[.]" According to the complaint, Perry's "emotional distress has manifested itself [in] such ways as anxiety and post traumatic stress disorder, and has resulted in mental health treatment via a local licensed clinical social worker." Perry sought recovery for property damage, $1,145 in medical expenses for counseling, damages for mental pain and suffering in an amount to be determined at trial, and OCGA § 13-6-11 attorney fees.

The Joneses filed a motion for partial summary judgment on the issue of whether Perry could recover damages for emotional distress even though he was not physically injured as a result of the incident. The Joneses contended that Perry sustained a pecuniary loss[3] based on the intrusion of the vehicle into the house, which caused damage to personal property, and as a result, Perry suffered emotional distress that manifested itself in acute anxiety disorder. On December 7, 2021, the trial court ruled in favor of the Joneses on this issue, agreeing that the pecuniary loss rule covered Perry's claim. Specifically, the trial court ruled that Perry could pursue his emotional distress claim because Green's vehicle caused damage to the Joneses' real and personal property and Perry "has presented evidence of a diagnosis of an acute

---

[3] The pecuniary loss rule is discussed in more detail below.

3

stress disorder caused from his proximity to the crash, and he has presented evidence of the medical expenses related to that emotional distress."[4]

In October 2023, as noted above, Progressive elected to proceed in the name of "John Doe," and Doe filed a motion for partial summary judgment, citing this Court's decision in *Mayorga v. Benton*, 364 Ga. App. 665 (875 SE2d 908) (2022), which was decided after the court's 2021 grant of partial summary judgment to the Joneses. Doe argued that *Mayorga* clarified that a plaintiff cannot recover emotional distress damages under a pecuniary loss theory based on property damage alone. The Joneses opposed the motion, insisting that the "pecuniary loss exception that is anchored to damage to real property or to personal property applies . . . to Perry Jones' personal injury claim and remains legally viable and remains untouched by *Mayor[g]a*." In a one-page order, the trial court denied the motion, finding that *Mayorga* "left intact the portion of the pecuniary loss rule that applies to [Perry's] emotional distress claim." At Doe's request, the court certified its order for

---

[4] The trial court previously had granted partial summary judgment to Progressive and Nationwide Property and Casualty Insurance Company ("Nationwide"), the Greens' uninsured motorist carrier, on the issue of property damage. Specifically, the court ruled that neither the Joneses' policy with Progressive, nor the Greens' policy with Nationwide, allowed for the recovery of property damage which did not occur to or within an automobile covered by the respective policies.

immediate review. We granted Doe's application for interlocutory review, and this timely appeal followed.

In a single enumeration of error, Doe argues that the trial court erred by determining that Perry could recover for emotional distress under the pecuniary loss exception to Georgia's "impact rule." We agree.

> Our Supreme Court has held that, in a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury. Georgia's impact rule has three elements: (1) a physical impact to the plaintiff; (2) the physical impact causes physical injury to the plaintiff; and (3) the physical injury to the plaintiff causes the plaintiff's mental suffering or emotional distress.

*Brock v. Atlanta Airlines Terminal Corp.*, 359 Ga. App. 226, 229 (1) (857 SE2d 74) (2021) (citation, punctuation and emphasis omitted). Georgia courts have carved out several exceptions to this rule, including — as pertinent here — the pecuniary loss rule.[5] That rule permits emotional distress damages in a negligence action where the

---

[5] The other exceptions — not relevant here — permit recovery, without physical injury, when the defendant's conduct was "malicious, wilful, or wanton" or when a parent who was injured along with her child and has suffered emotional distress from watching her child suffer and die. See *Eley v. Fedee*, 362 Ga. App. 618, 623 (1) (869 SE2d 566) (2022) (citation and punctuation omitted).

plaintiff can show "a pecuniary loss resulting from an injury to the person which is not physical; such [as] an injury to the person's reputation, or the mental pain and suffering must cause a physical injury to the person." *Mayorga*, 364 Ga. App. at 677 (2) (citation and punctuation omitted).

In its December 2021 order granting partial summary judgment to the Joneses, the trial court relied on *Nationwide Mut. Fire Ins. Co. v. Lam*, 248 Ga. App. 134 (546 SE2d 283) (2001). In that case, plaintiff Lam suffered no physical injuries in a car wreck, but she claimed that the wreck exacerbated her pre-existing mental illness, resulting in damages for emotional distress. Id. at 135. We agreed that Lam had suffered a compensable pecuniary loss because

> [s]he was hospitalized and incurred substantial medical bills. Personal property was damaged in the collision. And although she suffered no physical injury, she did suffer an injury to her person, consisting of aggravation of her preexisting mental illness, which before the collision had been stable for years.

Id. at 138 (2). Accordingly, "because Lam sustained a pecuniary loss resulting from a trespass and a mental injury to the person, she may pursue her claim for damages notwithstanding the lack of physical injury." Id. (footnote omitted).

In the trial court's December 2021 summary judgment ruling, the court reasoned that, even though Perry suffered no physical impact or injury from the crash,

> [Green's] vehicle caused damage to [Perry's] real property and personal property when [Green] trespassed. [Perry] has presented evidence of a diagnosis of an acute stress disorder caused from his proximity to the crash, and he has presented evidence of the medical expenses related to that emotional distress.

Thus, the trial court concluded that Perry had established a viable claim under the pecuniary loss rule as described in *Lam* and determined that he could proceed to trial on his claim for emotional distress.

Thereafter, in July 2022, this Court issued a divided whole court opinion in *Mayorga* in which we explained that "medical expenses, psychological treatment fees, and lost income incurred as a result of emotional distress do not qualify as a pecuniary loss." Id. at 678 (2). *Mayorga* explicitly overruled *Lam*, stating that "*Lam* wrongly applied the pecuniary loss rule by finding that the medical bills and lost wages incurred by the plaintiff supplied the pecuniary loss for her claim." *Mayorga*, 364 Ga. App. at 679 (2) (citation and punctuation omitted). See also *Owens v. Gateway Mgmt. Co.*, 227 Ga. App. 815, 816 (490 SE2d 501) (1997) (pecuniary loss exception did not apply

"because the only pecuniary loss plaintiff complains of on appeal is that incurred due to medical bills and lost time from work she allegedly incurred because of the emotional distress following the incident in question").

Perry argues that when this Court overruled *Lam*, we left intact the "pecuniary loss exception that is anchored to damage to real property or to personal property[.]" According to Perry, because he sustained property damage, in addition to a diagnosed mental condition, he can recover for emotional distress despite the absence of physical injury or impact. We disagree with Perry's characterization of *Lam*. In that case, after discussing the impact rule and the pecuniary loss rule, we stated:

> Applying these principles to the facts of this case, we find that Lam suffered a pecuniary loss. She was hospitalized and incurred substantial medical bills. *Personal property was damaged in the collision*. And although she suffered no physical injury, she did suffer an injury to her person, consisting of aggravation to her preexisting mental illness, which before the collision had been stable for years.

*Lam*, 248 Ga. App. at 138 (2). Based on the foregoing language, we do not read *Lam* as standing for the proposition that property damage alone qualifies as a pecuniary loss that would allow a plaintiff to recover in ordinary negligence for emotional distress.

In any event, the Joneses summarize their position as follows: (1) Perry "has alleged pecuniary injuries of property damage to his belongings and to his house when the Defendant Joshua [ ] Green crashed the Dodge Durango into [Perry's] house;" (2) Perry "has alleged a personal injury though not physical in terms of acute stress disorder diagnoses;" and (3) "[t]here was resulting clinical treatment to [Perry] . . . for said personal injury and there were resulting medical expenses."[6] We are unpersuaded that these allegations are sufficient to permit recovery for emotional distress in this case.

As noted above, absent an impact resulting in physical injury (subject to certain exceptions), a claim for emotional distress caused by negligence must be supported by evidence that the plaintiff suffered pecuniary loss resulting from injury to the person. *Phillips v. Marquis at Mt. Zion-Morrow, LLC*, 305 Ga. App. 74, 77 (699 SE2d

---

[6] To the extent the Joneses maintain that the trespass of the vehicle into their home provides an avenue for recovery, we disagree. First, a trespass upon real property is not a personal tort. *Stovall v. Caverly*, 139 Ga. 243 (77 SE 29) (1913). Second, in disapproving *Barrow v. G. Lightweight Aggregate Co.*, 103 Ga. App. 704, 708-709 (1) (120 SE2d 636) (1961), our Supreme Court held that "to the extent that [*Barrow*] may stand for the proposition that a plaintiff who has suffered a trespass may recover for emotional distress, we disapprove this case." *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 667 (2) (B) (386 SE2d 146) (1989), overruled in part on other grounds by *Lee v. State Farm Mut. Ins. Co.*, 272 Ga. 583 (533 SE2d 82) (2000).

58) (2010). As clarified in *Mayorga*, supra, medical bills, such as the bills Perry incurred related to his acute anxiety disorder, cannot supply the pecuniary loss for an emotional distress claim. As to property damage, "[a]lthough pecuniary loss may also serve as the basis to recover for emotional distress, the loss must result from an injury to the person, not to property." *Jordan v. Atlanta Affordable Housing Fund, Ltd.*, 230 Ga. App. 734, 735 (1) (498 SE2d 104) (1998).

In this case, because Perry's alleged pecuniary loss (i.e, property damage) did not result from an injury to his person, either physical or non-physical, he cannot recover damages for emotional distress under the pecuniary loss exception to the impact rule.[7] *Phillips*, 305 Ga. App. at 78. Put another way, the expenses incurred as

---

[7] The Joneses cite our decision in *Grizzle v. Norsworthy*, 292 Ga. App. 303 (664 SE2d 296) (2008), in support of their contention that the type of property damage Perry suffered can support a claim for emotional distress. In *Grizzle*, a train struck a vehicle crossing the tracks, and the conductor rushed to help the driver, who died at the scene. Id. at 304. The conductor later sued the driver's estate for negligence and sought damages for mental distress. Id. Because there was evidence that the conductor's elbow and knee had struck the locomotive console and that he later experienced numerous physical maladies, including orthopedic injuries, we held that there was an issue of fact as to whether the conductor suffered physical injuries during the incident that met the criteria for the impact rule. Id. at 304-305 (1) (a). We went on to address the conductor's alternative argument concerning the pecuniary loss rule, and we noted that he could not recover based on that exception to the impact rule because he "failed to show that his personal property was damaged in the collision." Id. at 306 (2). This statement, which referenced *Lam*, was dicta, not necessary to the result of the case, and it does not mandate a different decision in the instant case. See

a result of the damage to Perry's property do not qualify as a pecuniary loss because "the monetary loss was itself a form of emotional distress damage as opposed to pecuniary loss occurring as the result of a tort involving an injury to the person[.] . . . To hold otherwise would be to allow bootstrapping of an extreme nature." *Eley v. Fedee*, 362 Ga. App. 618, 627 (3) (869 SE2d 566) (2022) (citation and punctuation omitted). See also *Harris v. Wall Tire Co.*, 197 Ga. App. 818, 818 (1) (399 SE2d 580) (1990) (recovery under pecuniary loss exception unavailable where plaintiff suffered property damage and emotional distress, but no other injury to his person); *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 667 (2) (B) (386 SE2d 146) (1989) ("Where the injury complained of is not a personal tort, but an injury to property, there can be no recovery for mental suffering.") (citation and punctuation omitted).

In light of the foregoing, the trial court erred by denying Doe's motion for partial summary judgment.

*Judgment reversed. Rickman, P. J., and Davis, J., concur.*

---

*Thorpe v. Sterling Equip. Co., Inc.*, 315 Ga. App. 909, 911 (1) (729 SE2d 52) (2012) ("dicta is a statement in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to a determination of the case in hand") (citation and punctuation omitted).